FILED

JUL 3 1 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HUNTER,<br><br>               Plaintiff,<br><br>   v.<br><br>MARK, et al.,<br><br>               Defendants. | Case No. C 14-1446 PSG (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**ORDER OF DISMISSAL WITH**<br>**LEAVE TO AMEND** |

     David Hunter, a pretrial detainee proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983. Hunter also has filed a motion for leave to proceed in forma pauperis ("IFP"). For the reasons stated below, the court orders Hunter to show cause why his motion for leave to proceed IFP should not be denied. The court also dismisses Hunter's complaint with leave to amend.

### I. DISCUSSION

A.    The Frequent Filer – 28 U.S.C. § 1915(g)

     The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

Case No. C 14-1446 PSG (PR)
ORDER TO SHOW CAUSE; ORDER OF DISMISSAL WITH LEAVE TO AMEND

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation: the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"[2] Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes.[3] Dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."[4]

A prisoner must be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but the prisoner nevertheless bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him.[5] The court may raise a Section 1915(g) problem *sua sponte*, but must notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.[6] A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper under Section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Hunter's prior prisoner actions reveals that he has had

---

[1] 28 U.S.C. § 1915(g).

[2] *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

[3] *See id.*

[4] *Id.*

[5] *Id.*

[6] *See id.* at 1120.

Case No. C 14-1446 PSG (PR)
ORDER TO SHOW CAUSE; ORDER OF DISMISSAL WITH LEAVE TO AMEND
2

at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Hunter is now given notice that the court believes the following federal district court dismissals may be counted as dismissals for purposes of Section 1915(g): (1) *Hunter v. Marshall*, N.D. Cal. Case No. C 95-982 MHP (civil rights action dismissed as factually and legally frivolous), (2) *Hunter v. First Appellate District*, N.D. Cal. Case No. C 95-4258 MHP (pleading filed on § 2255 motion form construed as a civil rights action and dismissed as frivolous); and (3) *Hunter v. Mandeville*, N.D. Cal. Case No. C 95-2443 MHP (civil rights action dismissed for failure to state a claim). The court made its evaluation of the first two cases based on the dismissal orders and the third case based on the docket sheet.[7]

In light of these dismissals, Hunter is ORDERED TO SHOW CAUSE in writing why pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why this action should not be dismissed, Hunter may avoid dismissal by paying the full $400.00 filing fee by the deadline.

In addition, based on several of the pleadings Hunter has filed, it appears Hunter may be trying to fit within the imminent danger exception to Section 1915(g). If he wants to do so, he needs to describe the facts showing the imminent physical danger, rather than merely asserting the conclusion that he is in imminent physical danger. It will suffice if he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing."[8] Hunter should be particularly careful to show the connection between the alleged imminent danger and the claims he asserts in his complaint as the statute requires that he show he was in imminent danger at the time he filed his complaint.

B.   Hunter's Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[9] In its

---

[7] *See Andrews I*, 398 F.3d at 1120.

[8] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) ("*Andrews II*").

[9] *See* 28 U.S.C. § 1915A(a).

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[10] *Pro se* pleadings must, however, be liberally construed.[11]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[12]

Since March 28, 2014, Hunter has filed 32 pleadings in this case. Out of those 32 pleadings, 17 of those are entitled "motions." In Hunter's first pleading, entitled memorandum of points and authorities, Hunter alleges that defendants Mark and Raymo were using Hunter's state history CDC file "to abstract archives to utilize for a defense of pending lawsuits in Santa Rosa." The court cannot decipher what exactly Hunter is trying to allege. In several other pleadings, Hunter appears to argue that defendants and others engaged in false arrest and imprisonment, excessive force, fraudulent sex reports, and retaliation. The court cannot determine what the parameters of Hunter's complaints are. For purposes of clarity and simplicity, Hunter must file an amended complaint on the court's form, which will be provided along with this order, in which he clearly sets forth his civil rights allegations in one pleading.

Hunter is advised that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if Hunter can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.[13] "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

---

[10] *See* 28 U.S.C. § 1915A(b)(1), (2).

[11] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[12] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[13] *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Case No. C 14-1446 PSG (PR)
ORDER TO SHOW CAUSE; ORDER OF DISMISSAL WITH LEAVE TO AMEND

a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."[14] Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."[15] In other words, in Hunter's amended complaint, he should succinctly set forth what his federal constitutional claims are, who he alleges proximately caused those violations, what each defendant did or did not do that makes him or her liable, and what facts support each claim. Hunter also is cautioned that administrative remedies must be exhausted for each claim asserted in a federal civil rights complaint before the action is filed.[16]

## II. CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

Hunter is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If Hunter is so inclined, he may avoid dismissal by paying the $400.00 filing fee. In any event, the court will continue to review under Section 1915(g) all future actions filed by Hunter while he is incarcerated in which he seeks IFP status. Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action without further notice.

In addition, Hunter is directed to file an amended complaint within thirty (30) days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-1446 PSG (PR)) and the words AMENDED COMPLAINT on the first page. Hunter may not incorporate material from the prior complaint by reference. Hunter must include all claims that he wishes to bring in this amended complaint rather than file

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations and internal quotation marks omitted).

[15] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

[16] *See* 42 U.S.C. § 1997e(a).

Case No. C 14-1446 PSG (PR)
ORDER TO SHOW CAUSE; ORDER OF DISMISSAL WITH LEAVE TO AMEND
5

separate motions raising separate claims. The amended complaint must cure the deficiencies identified in this order. Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

IT IS SO ORDERED.

DATED: 7-31-14

PAUL S. GREWAL
United States Magistrate Judge