Filed

AUG 28 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HUNTER, | Case No. C 14-1446 PSG (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL** |
| v. | |
| MARK, et al., | |
| Defendants. | |

David Hunter, a pretrial detainee proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983. Hunter also has filed a motion for leave to proceed in forma pauperis ("IFP"). On July 31, 2014, the court issued an order to show cause why Hunter's motion for IFP should not be denied. The court also dismissed the complaint with leave to amend. Plaintiff has filed an amended complaint as well as another motion to proceed IFP. For the reasons stated below, the court denies Hunter's motion for leave to proceed IFP, and dismisses this action.

## I. DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if

Case No. C 14-1446 PSG (PR)
ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER
OF DISMISSAL

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] The phrase "fails to state a claim on which relief may be granted," as used in Section 1915(g), "parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)."[2] A case is "frivolous" within the meaning of Section 1915(g) if "it is of little weight or importance: having no basis in law or fact."[3] Further, because Section 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of Section 1915(g) may be counted as qualifying dismissals or "strikes."[4]

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations.[5] Hunter has the burden of proving that he is in imminent danger of serious physical injury.

A review of the dismissal orders in Hunter's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Hunter was given notice that the court believed the following federal district court dismissals may be counted as dismissals for purposes of Section 1915(g): (1) *Hunter v. Marshall*, N.D. Cal. Case No. C 95-982 MHP (civil rights action dismissed as factually and legally frivolous), (2) *Hunter v. First Appellate District*, N.D. Cal. Case No. C 95-4258 MHP (pleading filed on § 2255 motion form construed as a civil rights

---

[1] 28 U.S.C. § 1915(g).

[2] *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*").

[3] *Id.* (internal quotation and citation omitted).

[4] *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

[5] *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

Case No. C 14-1446 PSG (PR)
ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL

action and dismissed as frivolous); and (3) *Hunter v. Mandeville*, N.D. Cal. Case No. C 95-2443 MHP (civil rights action dismissed for failure to state a claim). The court made its evaluation of the first two cases based on the dismissal orders and the third case based on the docket sheet.[6]

Hunter has not offered any argument or dispute that any of these three cases should not count as a strike. A review of these cases demonstrate that they all qualify as "strikes" pursuant to Section 1915(g). First, cases that are dismissed for failure to state a claim clearly count as strikes.[7] Second, the dismissal of a habeas petition that was actually a challenge to prison conditions also counts as a strike pursuant to Section 1915(g).[8] The three above-referenced cases therefore count as dismissals for purposes of Section 1915(g).

In addition, the allegations in Hunter's initial pleading do not demonstrate that he is under "imminent danger of serious physical injury" within the meaning of Section 1915(g). The availability of this exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."[9] As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong.[10] Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."[11] In order to satisfy the

---

[6] *See Andrews I*, 398 F.3d at 1120.

[7] *See Andrews I*, 398 F.3d at 1121 ("[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim.").

[8] *See id.* at 1123 n.12.

[9] *Andrews II*, 493 F.3d at 1053.

[10] *Id.* at 1055.

[11] *Id.*

Case No. C 14-1446 PSG (PR)
ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL

3

imminence prong, the prisoner must allege that the danger is ongoing.[12]

Here, Hunter makes no plausible allegation that he faced an imminent danger of serious physical injury at the time he filed his complaint. As the court noted in its previous order, in Hunter's first pleading, entitled memorandum of points and authorities, Hunter's claims stem from an arrest of Hunter on January 2, 2014. He alleged that Defendants Mark and Raymo were using Hunter's state history CDC file "to abstract archives to utilize for a defense of pending lawsuits in Santa Rosa." In several other pleadings filed within weeks of Hunter's commencement of this action, Hunter appears to argue that defendants and others engaged in false arrest and imprisonment, excessive force, fraudulent sex reports, and retaliation. It cannot be said that these allegations of specific instances of retaliation, excessive force, and false arrest placed Hunter under imminent danger of serious physical injury at the time of filing. At the very least, Hunter has not suggested that he was at risk of an ongoing serious physical injury at the time he initiated this action.

## II. CONCLUSION

Hunter's motion to proceed in forma pauperis is DENIED. This action is DISMISSED without prejudice to Hunter's refiling his claims in a new case in which Hunter pays the filing fee. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: __8-28-14__

PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See id.* at 1056-57 (prisoner who alleges that prison officials continue with practice that has injured him satisfies ongoing danger standard and meets imminence prong of three-strike exception).

Case No. C 14-1446 PSG (PR)
ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL